# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-77-FDW

| | |
|---|---|
| TERRANCE JOHNSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER |
| FNU HOLLAR, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction for a second-degree sexual offense in Pitt County Superior Court. Plaintiff was sentenced to over 24 years in prison and his projected release date is in 2028. In his § 1983 complaint, Plaintiff explains that he is pursuing this civil rights action because he has been targeted, bullied and conspired against after he reported a relationship between a Unit Manager and a Sergeant within the prison. (5:14-cv-77, Doc. No. 1: Complaint at 6).

Plaintiff alleges four "counts" in this complaint. In Count 1, Plaintiff complains that Defendant Officer Hollar violated prison policy by taking possession of Plaintiff's property without completing a DC-160 form. Plaintiff contends that Defendant Murray tried to cover up this violation by belatedly completing the form. Plaintiff contends this action violates his right to equal protection from being bullying. (Id. at 7). In Count 2, Plaintiff alleges that he was improperly disciplined for items that were taken during a search of his cell and that he was written up for possession of a religious book which Plaintiff maintains he properly checked out from the chapel

1

library and he was found guilty of possession of booklets that were later found not to be contraband and the booklets were returned to him. (Id.). In Count 3, Plaintiff asserts that his right to equal protection was violated when Officer Hollar failed to allow him to mail certain property to his home. Plaintiff brought this to Sergeant Brown's attention by submitting an inmate request form and Brown replied that he had not received any of Plaintiff's pictures. Plaintiff complains that Sergeant Brown violated his rights by not disciplining Officer Hollar for failure to follow a direct order and that the property has apparently been lost. Finally, in Count 4, Plaintiff alleges a claim of defamation of character based on Officer Beard's statement that Plaintiff stole a book from the chapel library. (Id. at 8).

In his request for relief, Plaintiff seeks an order that would result in the charges being dismissed, a return of money that was taken from Plaintiff and monetary damages for mental anguish. (Id. at 10).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under

Federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

## II. DISCUSSION

Plaintiff's allegations, even taken as true, fail to state a claim upon which relief may be granted. At best it appears that Plaintiff may have been on the losing end of one or more disciplinary procedures and the simple fact that one or more defendants may have not followed certain prison procedures does not state an actionable claim of a violation of his constitutional rights or a violation of federal law. Finally, Plaintiff's claim for defamation of character is a state law claim and this too would not entitle Plaintiff to relief under § 1983 because it is not a violation of federal law.

Based on the foregoing, the Court finds that Plaintiff has failed to provide allegations which could entitle him to relief in this § 1983 proceeding and his complaint will therefore be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 17, 2014

Frank D. Whitney
Chief United States District Judge